UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America,
    Government

    v.                                    Case No. 04-cr-100-1-SM
                                          Opinion No. 2010 DNH 205

Robert Mayer,
    Defendant

**O R D E R**

Defendant, Robert Mayer, moves for a hearing at which he hopes to contest the government's efforts to collect a debt owed under a restitution order that was included as part of his criminal sentence. Mayer was previously convicted of conspiracy to defraud the United States, 18 U.S.C. § 371, and accepting bribes as a public official, 18 U.S.C. § 201(b)(2). He was ordered to pay restitution to the United States Department of Veteran's Affairs in the amount of $419,400.

The government is seeking to collect that debt by offsetting the amount owed, to the extent allowed by law, against Defendant's Social Security and government retirement benefits. The Treasury Offset Program (TOP), see 31 U.S.C. § 3716, subjects to offset "all funds payable by the United States," 31 U.S.C. § 3701(a)(1), to an individual who owes delinquent federal debts, unless the payment is exempted from offset by statute or

regulation.  Before referring a debt to the Treasury Department for offset, however, the collecting agency (here, the Justice Department) must provide the debtor with: 1) written notice of the type and amount of the debt, the intention to collect through administrative offset, and an explanation of the debtor's rights; 2) an opportunity to inspect and copy records relevant to the debt claim; 3) an opportunity for agency review of the claim; and 4) an opportunity to negotiate an agreement to repay the amount owed.  31 U.S.C. § 3716.  Presumably, the government complied with those requirements (defendant does not say otherwise).

This is not a case in which the government is attempting to collect a debt owed a private party — Mayer's debt is owed to the government.  It is also plain that Mayer is not seeking modification of a periodic payment order relative to his restitution obligation (nor would that likely prove to be of much use to him here, see e.g. United States v. Weissenback, 2010 WL 2246177 (N.D.N.C. 2010)).  Rather, Mayer seeks relief that is available, as a practical matter, only from the collecting agency — he seeks a less burdensome offset, or some favorable agreement with respect to the government's lien on his real estate that would allow him to access some of the equity in the property.  The collecting agency may offset less than the law permits, but it is not required to do so.  That is a matter of administrative

discretion, and the collecting agency is where Mayer must press his request.

A criminal restitution order may be enforced "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a) and (f). The TOP is plainly an administrative practice and procedure under federal law that, by its terms, is available as a means to collect debts owed the United States. The procedure is established by statute and administered under implementing regulations, which provide due process to debtors against whom offset is sought. While government counsel hyperbolically (and incorrectly) argues that "the offset process is an administrative process beyond the jurisdiction of this Court," still, defendant must, in the first instance, seek administrative relief as prescribed by the statute and implementing regulations. Judicial review of administrative processes and decisions is available, of course, but it is limited, and to obtain relief defendant would generally be required to show arbitrary, capricious, or plainly unlawful conduct on the part of the administrative decision-makers.

Given the representations made by the government, it appears that the applicable statutes and regulations have been (or are

being) fully complied with, and that defendant is unlikely to have a valid claim to relief from the offsets sought under the TOP.  In any event, to the extent defendant is seeking relief from the government's collection of his restitution debt under the TOP, he has asserted no facts or legal authority that would support a meritorious claim.

## Conclusion

The motion for hearing (document no. 29) and motion for appointment of counsel (document no. 28) are necessarily denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

December 3, 2010

cc:   Robert M. Kinsella, AUSA
      Michael T. McCormack, AUSA
      Robert Mayer, pro se
        4 Hidden Road
        Salem, NH 03079

4